**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT FRANCESCHINI,

Plaintiff,

v. CASE NO.

RECEIVABLES MANAGEMENT SERVICES CORPORATION,

Defendant.
_____________________________________/

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, ROBERT FRANCESCHINI ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, RECEIVABLES MANAGEMENT SERVICES CORPORATION ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person who resides in Spring Hill, Hernando County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Bethlehem, Pennsylvania.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Defendant is collecting from Plaintiff on a debt owed to Sprint for a personal cellular phone in the amount of approximately $376.52.

12. Since on or about June 2010, Defendant places collection calls to Plaintiff on his work cellular phone from a 866-767-3501 telephone number.

13. Defendant's representative, Ben Nixon ("Nixon"), places most of the collection calls to Plaintiff.

14. Plaintiff told Defendant that it is calling his work phone and to stop calling this number.

15. Plaintiff told Defendant the aforementioned on at least three subsequent occasions.

16. Defendant continues to place collection calls to Plaintiff on his work phone.

17. Defendant has placed collection calls to Plaintiff immediately after he told Defendant that he could not talk.

18. Defendant places collection calls to Plaintiff at least once per day and sometimes multiple times per day.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.**

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated *§1692c(a)(1)* of the FDCPA by attempting to contact Plaintiff at a place known to be inconvenient to the consumer;

b) Defendant violated *§1692c(a)(3)* of the FDCPA by contacting Plaintiff at his place of employment when Defendant knew that Plaintiff's employer prohibited this;

c) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff; and

d) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

20. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

21. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

22. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: ______________________________

James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x230
Fax: (866) 802-0021
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROBERT FRANCESCHINI, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, ROBERT FRANCESCHINI, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ROBERT FRANCESCHINI, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8/16/10

ROBERT FRANCESCHINI
Plaintiff